UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARYL R. REDCROSS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF PRISONS, ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 05-1325 (RBW) |

MOTION TO DISMISS

Defendant Federal Bureau of Prisons ("BOP") respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss this action against it.[1]  In support of this motion, Defendant relies on the accompanying memorandum of points and authorities and the attached declaration of Martin Hill.  A proposed order consistent with this motion is attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
KATHLEEN KONOPKA
Assistant United States Attorney

---

[1] Plaintiff is pro se.  He is informed that failure to respond to this motion may result in the District Court granting the motion and dismissing the case.  See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARYL R. REDCROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1325 (RBW) |
| ) | |
| BUREAU OF PRISONS,___ ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

　　Defendant Federal Bureau of Prisons ("BOP") respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss.  Dismissal is appropriate in this case because Plaintiff's claim is cognizable exclusively through a writ of habeas corpus in the judicial district in which Plaintiff was incarcerated.  Moreover, as of the date of this filing, Plaintiff has been afforded a parole revocation hearing and has been released from custody.  Thus, this case must be dismissed as moot.

　　Plaintiff was a federal inmate who, until November 16, 2005, was housed at the Philadelphia Federal Detention Center in Philadelphia, Pennsylvania.  (Declaration of Martin Hill "Hill Decl." at ¶ 3-4).  He initiated this action on June 30, 2005, seeking "one million dollars for being held against my free will and not being given the right to challenge the technical (c) violation I'm accused of." (Plaintiff's Complaint "Compl." at 3).  According to Plaintiff, he had been  incarcerated for "over one year" "under order from the U.S. Parole Commission," and had not been afforded a parole revocation hearing.  (Id. at 1, 3).  He alleges that his incarceration under these circumstances is in violation of his "constitutional rights to due process."  (Id. at 1).

　　On September 26, 2005, a parole revocation hearing was conducted regarding Plaintiff.

- 2 -

(Hill Decl. at ¶ 3). Following that hearing, Plaintiff's parole was revoked. (Id.). Plaintiff remained incarcerated in Philadelphia until November 16, 2005, when he was transferred to the Federal Correctional Institute in Ashland, Kentucky to continue serving his revocation term. (Id. at ¶ 4). Plaintiff was subsequently transferred to a half-way house and was fully released from BOP custody on re-parole on January 5, 2006. (Id. at ¶ 5).

Plaintiff's complaint fails to identify a cause of action or waiver of sovereign immunity permitting the Court to exercise its jurisdiction over the United States. See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976). "Sovereign immunity is jurisdictional in nature." Meyer, supra, 510 U.S. at 475.

Moreover, this Circuit has "made clear that [a writ of] habeas [corpus] is the exclusive remedy for a federal prisoner bringing any claim that would have a 'probabilistic impact' upon the duration of his custody." Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001) (quoting Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000) ("habeas is indeed exclusive even when a non-habeas claim would have a merely probabilistic impact on the duration of custody")). Plaintiff's claim clearly fits within this category of cases: he was seeking an immediate parole revocation hearing where he could "challenge the technical (c) violation I'm accused of," and presumably obtain his release from custody. Indeed, the Court has determined that similar claims involving parole hearings and eligibility must be brought in habeas. See Forrester v. United States Parole Commission, 310 F.Supp.2d 162, 169-170 (D.D.C. 2004) (plaintiff's claim that Commission has used improper standard in denying him parole and seeking a new parole hearing deemed to have a "probabilistic impact" on plaintiff's confinement and thus

must be raised in a habeas petition).

Were Plaintiff to seek habeas relief, he must do so in the judicial district where he was incarcerated.  See Stokes v. United States Parole Commission, 374 F.3d 1235, 1238-1239 (D.C. Cir. 2004) (district court in DC cannot entertain habeas petition of plaintiff housed in Ohio). Thus, because Plaintiff was housed in Pennsylvania, this Court has no jurisdiction to entertain Plaintiff's claim, even if it had been brought as a petition for writ of habeas corpus.

Moreover, Plaintiff received the hearing he sought on September 26, 2005, and was ultimately released from federal custody on January 5, 2006, thereby mooting his claim.  "Article III of the Constitution confines the federal courts to adjudicating actual cases and controversies." Allen v. Wright, 468 U.S. 737, 750 (1984).   Indeed, "[t]o be justiciable . . . the conflict between the litigants must present a "case or controversy" both at the time the lawsuit is filed and at the time it is decided.  If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983) (emphasis in the original).  Thus, "a case becomes moot 'when the issues presented are no longer "live," or the parties lack a legally cognizable interest in the outcome.'" Murphy v. Hunt, 455 U.S. 478, 481 (1982) (internal citations omitted).

There is no longer a case or controversy apparent in this matter for the Court to resolve. Plaintiff's complaint was that he was not provided with a hearing at which he could challenge his parole revocation and thereby attempt to obtain his release.  A parole revocation hearing was indeed conducted, and Plaintiff is no longer in the custody of Defendant.   Thus, this case is properly deemed moot and should be dismissed.

## **CONCLUSION**

      For the forgoing reasons, Defendant respectfully requests that this Court enter an order dismissing the action against it in this matter.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
KATHLEEN KONOPKA
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion To Dismiss, memorandum of points and authorities in support, declaration of Martin Hill and Proposed Order has been made by mailing copies thereof to:

DARYL REVELLE REDCROSS
Registration No. 49678-083
Philadelphia Federal Detention Center
P.O. Box 562
Philadelphia, PA 19106

on this ____ day of February, 2006

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C. 20001
(202) 616-5309