UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARYL R. REDCROSS,            )<br>                                              )<br>            Plaintiff,            )<br>                                              )<br>      v.                                  )      Civil Action No. 05-1325 (RBW)<br>                                              )<br>BUREAU OF PRISONS,     )<br>                                              )<br>                                              )<br>            Defendant.          )<br>_____)  | |

## ERRATA

Defendant Federal Bureau of Prisons ("BOP") respectfully informs the Court of the following factual inaccuracy in its Motion to Dismiss and accompanying Declaration of Martin Hill filed in the above-captioned case on February 12, 2006. When this filing was composed, BOP believed, due to a misreading of computer information, that Plaintiff was incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania at the time he filed his Complaint in the instant case on June 30, 2005. However, as fully set forth in Mr. Hill's Supplemental Declaration attached to this pleading ("Hill Suppl. Decl."), a warrant issued by the United States Parole Commission was executed against Plaintiff on September 3, 2004, upon which Plaintiff was remanded to the custody of the United States Marshal. (Hill Suppl. Decl. at ¶ 4-5, Exhibit 1). Plaintiff remained in U.S. Marshal's custody housed in various contract Virginia facilities until he was transferred to BOP custody in Philadelphia on August 18, 2005. (Id. at ¶ 5-6). Thus, Plaintiff was physically located in the Central Virginia Regional Jail when this suit was filed.

As previously indicated in Defendant's Motion to Dismiss, Plaintiff received a parole revocation hearing in Philadelphia on September 26, 2005, at which his parole was revoked. Plaintiff received credit for the time he was incarcerated prior to his hearing toward his revocation term, and was re-paroled on January 5, 2006. (Id. at ¶ 6-7).

Thus, the legal arguments provided in Defendant's motion remain appropriate and applicable to the case. Specifically, Plaintiff has no cause of action for money damages against

Defendant, and any relief to his claim must have been sought through a writ of habeas corpus. However, the proper jurisdiction for the filing of that writ was neither the District of Columbia nor, as indicated in Defendant's motion, Philadelphia. Regardless, Plaintiff's claim is now mooted by his January 5, 2006, release from BOP custody.

      Finally, Defendant's correction of the record reflects one additional fact. Plaintiff was not in the custody of Defendant when he filed his Complaint in this case. Thus, while dismissal of Plaintiff's action would be appropriate regardless of the federal defendant from which he sought damages, BOP is clearly not a proper defendant in this suit.

      Defendant regrets its misstatement and ensures the Court that it worked to correct the record with all due speed upon realizing its error.

      Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
KATHLEEN KONOPKA
Assistant United States Attorney

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that service of the foregoing Errata and accompanying Supplemental Declaration of Martin Hill and the previously filed Motion To Dismiss, memorandum of points and authorities in support, declaration of Martin Hill and Proposed Order has been made by mailing copies thereof to Plaintiff's most recent release address as provided for in BOP records:

DARYL REVELLE REDCROSS
427 5th Street, SE
Washington, DC 20003

on this _____ day of February, 2006

 

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C. 20001
(202) 616-5309